UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERMAN WALLACE (#76759)

VERSUS

HOWARD PRINCE, ET AL

CIVIL ACTION

NUMBER 09-1027-RET-SCR

## ORDER TO SUPPLEMENT RECORD

Herman Wallace filed a Petition for Writ of Habeas Corpus by Prisoner in State Custody pursuant to 28 U.S.C. § 2254. The State filed a Motion to Dismiss Petition for Writ of Habeas Corpus on the ground that claims C, D, E and F are unexhausted.[1] In response to the motion to dismiss, the petitioner was granted leave of court to amend his petition to delete his claims that there was insufficient evidence to support his conviction and he was denied effective assistance of counsel on appeal, claims F and C, respectively.[2]

Petitioner also opposed the state's motion to dismiss arguing that claims D and E are exhausted, having been presented to the Louisiana Supreme Court.[3] Petitioner noted that with regard to claims D and E, the State conflated exhaustion with procedural default.

The State was ordered to supplement its memorandum in support

---

[1] Record document number 24.

[2] Record document numbers 31 and 35.

[3] Record document number 25.

of its motion to dismiss to address whether claims D and E are procedurally defaulted.[4] Petitioner was granted leave of court to file a reply memorandum.

In response to the court's order, the State supplemented its memorandum in support of its motion to dismiss arguing that claims D and E are procedurally defaulted.[5] Petitioner filed a response to the State's supplemental memorandum arguing that he presented his grand jury and jury instruction claims to the First Circuit Court of Appeal in *State ex rel. Herman Wallace v. Whitley*, 1999-0275 (La. App. 1st Cir. 3/29/99) and the Louisiana Supreme Court in *State ex rel. Herman Wallace v. Whitley*, 1999-1305 (La. 11/19/99).[6]

A review of the record showed that a copy of the brief filed by the petitioner in conjunction with his application for supervisory writs to the Louisiana First Circuit Court of Appeal was not filed in the record.

Therefore;

IT IS ORDERED that within 14 days from the date of this order the petitioner shall file a copy of the brief filed in the Louisiana First Circuit Court of Appeal in conjunction with his application for supervisory writs in *State ex rel. Wallace v.*

---

[4] Record document number 37.

[5] Record document number 38.

[6] Record document number 39.

*Whitley*, 1999-0275 (La. App. 1st Cir. 3/29/99).

Baton Rouge, Louisiana, January 31, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE