UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERMAN WALLACE (#76759)

VERSUS                                        CIVIL ACTION

HOWARD PRINCE, ET AL                          NUMBER 09-1027-RET-SCR

**NOTICE**

    Please take notice that the attached Corrected Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 9, 2011.

                                               STEPHEN C. RIEDLINGER
                                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERMAN WALLACE(#76759)

VERSUS                                                CIVIL ACTION

HOWARD PRINCE, ET AL                        NUMBER 09-1027-RET-SCR

CORRECTED[1]
MAGISTRATE JUDGE'S REPORT

Before the court is the State's Motion to Dismiss Petition For Writ of Habeas Corpus. Record document number 24. The motion is opposed.[2]

**State Procedural History**

Petitioner was found guilty of one count murder in the Nineteenth Judicial District Court for the Parish of East Baton Rouge[3], Louisiana on January 10, 1974.[4] Petitioner was sentenced to life imprisonment at hard labor without benefit of probation,

---

[1] The correction, in bold type, is in the second sentence of the **Applicable Law and Analysis** section on p. 5.

[2] Record document number 25. The State filed a reply. Record document number 30. The State also filed a supplemental supporting memorandum, to which the petitioner filed a response. Record document numbers 38 and 39, respectively.

[3] Pursuant to a motion for change of venue, the prosecution was transferred from West Feliciana Parish, where the petitioner was indicted, to East Baton Rouge Parish.

[4] The offense was committed in 1972, prior to the 1973 amendment to LSA-R.S. 14:30 to provide for first degree murder.

1

parole or suspension of sentence in the custody of the Louisiana Department of Public Safety and Corrections. Petitioner did not appeal his conviction and sentence.

In 1990, the petitioner was granted an out-of-time appeal. He asserted four grounds for relief but ultimately pursued only one: he was denied effective assistance of counsel at trial due to a conflict of interest.[5] The Louisiana First Circuit Court of Appeal affirmed the conviction and sentence. *State of Louisiana v. Herman Wallace,* 1991-0916 (La. App. 1st Cir. 6/29/92), 610 So.2d 1127 (unpublished opinion). Petitioner filed an application for a writ of certiorari in the Louisiana Supreme Court. The Louisiana Supreme Court denied review on April 12, 1993. *State of Louisiana v. Herman Wallace,* 1992-2209 (La. 4/12/93), 616 So.2d 679.

Petitioner filed his first application for post-conviction relief on May 12, 1993. Petitioner asserted the following grounds for relief: (1) the trial court erred in denying the defendant's motion to quash the grand jury indictment; (2) the State failed to disclose the plea agreement entered into with co-defendant Chester Jackson; (3) the trial court gave an erroneous jury instruction regarding the essential element of intent; and, (4) he received

---

[5] Specifically, the petitioner alleged that Charles Garretson also acted as defense counsel for co-defendant Jackson. Jackson pleaded guilty to manslaughter and testified at the petitioner's trial. Petitioner argued that Garretson was limited in his questioning of Jackson by the attorney-client privilege and that this limitation constituted an actual conflict of interest.

2

ineffective assistance of counsel when counsel also represented co-defendant Jackson, who became a witness for the State.

The district court denied relief on March 1, 1994. Petitioner sought review in the Louisiana First Circuit Court of Appeal. The appellate court vacated the district court's ruling and remanded, directing the district court to appoint counsel and to conduct an evidentiary hearing. *State of Louisiana ex rel., Herman Wallace v. John P. Whitley*, 1994-0911 (La. App. 1st Cir. 8/29/94).

On March 21, 1997, in response to an application for a writ of mandamus filed by the petitioner, the Louisiana First Circuit Court of Appeal granted the writ in part and denied the writ in part. *State of Louisiana ex rel., Herman Wallace v. John P. Whitley*, 1994-0911 (La. App. 1st Cir. 8/29/94). Specifically, the appellate court modified its previous decision and held that the motion to quash the indictment was untimely and that the jury was properly instructed. *State v. Wallace*, 96-1419 (La. App. 1st Cir. 3/21/97).

Following an evidentiary hearing, the district court denied relief on September 30, 1998. Petitioner sought review by the Louisiana First Circuit Court of Appeal. The court denied review on March 19, 1999. *State of Louisiana ex rel. Herman Wallace v. State of Louisiana*, 1999-0275 (La. App. 1st Cir. 3/29/99). On April 28, 1999, the petitioner sought review by the Louisiana

3

Supreme Court.[6] The court denied review on November 19, 1999. *State ex rel. Herman Wallace v. State of Louisiana*, 1999-1305 (La. 11/19/99), 749 So.2d 668.

Petitioner signed his second application for post-conviction relief on September 11, 2000, and it was filed on September 18, 2000. Petitioner asserted the following grounds for relief: (1) the State knowingly presented perjured testimony; and, (2) the State withheld exculpatory evidence. The district court denied relief on June 28, 2004. Petitioner sought review by the Louisiana First Circuit Court of Appeal. The Louisiana First Circuit Court of Appeal reversed and remanded. *State of Louisiana v. Herman Wallace*, 2005-0150 (La. App. 1st Cir. 2005). Following an evidentiary, the trial court denied relief on October 9, 2007.

Petitioner sought review by the Louisiana First Circuit Court of Appeal. The court denied review on May 12, 2008. *State of Louisiana ex rel. Herman Wallace v. State of Louisiana*, 2007-2525 (La. App. 1st Cir. 5/12/08). Petitioner sought review by the Louisiana Supreme Court which denied review on October 9, 2009. *State of Louisiana v. Herman Wallace*, 2008-1258 (La. 10/9/09), 19 So.3d 4.

### Federal Habeas Corpus Application

Petitioner filed his federal habeas corpus application through

---

[6] Record document number 25-1, Appendix A to Petitioner Herman Wallace's Response to the Warden's Motion to Dismiss.

counsel on December 4, 2009.

Petitioner asserted the following claims for relief:

A. The State knowingly used false testimony and withheld exculpatory evidence;

B. Petitioner was denied effective assistance of conflict-free counsel at trial;

C. Petitioner he was denied effective assistance of counsel on appeal;

D. There was a systemic exclusion of women from grand jury service;

E. The trial judge gave an erroneous jury instruction; and,

F. There was insufficient evidence to support the conviction.

The State moved to dismiss Claims C, D, E and F as procedurally defaulted. Thereafter, the petitioner's amended his federal habeas corpus application to delete Claims C and F.[7] Still before the court are Claims A, B, D and E.

## Applicable Law and Analysis

No evidentiary hearing is required. Petitioner has exhausted available state court remedies as to the four remaining claims. Claim D, systemic exclusion of women from grand jury service, is **not** procedurally barred.

Section 2254(d) of Title 28 of the United States Code provides as follows:

---

[7] Record document number 36 and 31, respectively.

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
   (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the

6

court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id*.

When a state court decision to deny relief rests on a state law ground that is independent of the federal questions raised by the petitioner and is adequate to support the judgment, the federal courts lack jurisdiction to review the merits of the petitioner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991); *Moore v. Roberts*, 83 F.3d 699, *reh. denied*, 95 F.3d 56 (5th Cir. 1996). The independent and adequate state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." *Coleman*, at 729-730, 111 S.Ct. at 2554.

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

*Id.*, at 731-32, 111 S.Ct. at 2554-55 (quoting *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982)); *Moore*, at 703.

For the independent and adequate state ground doctrine to apply, the state courts adjudicating a habeas petitioner's claim must explicitly rely on a state procedural rule to dismiss the petitioner's claims. *Moore*, at 702; *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." *Id*. Petitioner can rebut this presumption by establishing that the procedural rule is not "strictly or regularly followed." *Id*. Even if the state procedural rule is strictly and regularly followed, the petitioner can still prevail by demonstrating "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *Moore*, at 702.

**Timeliness**

The State argued that the petitioner did not timely present his Claim D, systemic exclusion of women from grand jury service, and Claim E, erroneous jury instruction, to the Louisiana Supreme Court and therefore those claims are unexhausted.

It is undisputed that the petitioner raised the grand jury and jury instruction claims in his application for post-conviction

8

relief filed June 9, 1993 in the state district court.[8]

The district court denied relief on March 1, 1994. Petitioner sought review by the Louisiana First Circuit Court of Appeal. The appellate court vacated the ruling of the district court and remanded, directing the district court to appoint counsel and to conduct an evidentiary hearing.[9]

When the district court failed to appoint counsel and conduct an evidentiary hearing as ordered by the appellate court, the petitioner applied for a writ of mandamus in the appellate court. The Louisiana First Circuit Court of Appeal granted the writ application in part and denied it in part by modifying its previous ruling in *State of Louisiana ex rel., Herman Wallace v. John P. Whitley*, 1994-0911 (La. App. 1st Cir. 8/29/94). Specifically, the court held that the first ground for relief regarding the motion to quash the indictment was untimely and the third ground for relief was without merit because the jury was properly instructed.[10] The Louisiana First Circuit Court of Appeal modified its earlier order to no longer require that an evidentiary hearing be conducted as to

---

[8] Petitioner also asserted two other claims in his post-conviction relief application: the State failed to disclose the plea agreement entered into with co-defendant Jackson, and he received ineffective assistance of counsel when counsel also represented co-defendant Jackson, who became a witness for State.

[9] *State of Louisiana ex rel., Herman Wallace v. John P. Whitley*, 1994-0911 (La. App. 1st Cir. 8/29/94).

[10] *State v. Wallace*, 96-1419 (La. App. 1st Cir. 3/21/97).

9

these two issues.

An evidentiary hearing was subsequently conducted and the district court denied relief on September 30, 1998. Petitioner sought review by the Louisiana First Circuit Court of Appeal presumably on all four issues.[11] Both the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court denied review.[12]

The State argued that the petitioner failed to timely seek supervisory review in the Louisiana Supreme Court regarding his grand jury and erroneous jury charge claims. Specifically, the State argued that the petitioner had 30 days from the issuance of the ruling on his application for a writ of mandamus to seek supervisory review of the appellate court's determination that the grand jury claim was untimely and the erroneous jury charge claim lacked merit. The State argued that the failure to seek

---

[11] Petitioner's brief in support of his application for supervisory review to the Louisiana First Circuit Court of Appeal has not been filed in this court. Petitioner was ordered to file a copy of the brief. Record document number 40. In response to the order, the petitioner explained that the district and appellate courts were unable to locate a copy of the brief. Record document number 41. Petitioner addressed all four grounds for relief in his brief to the Louisiana Supreme Court. The absence of any record or other information to the contrary supports the conclusion that the issues were sufficiently raised and briefed in the petitioner's writ application to the Louisiana First Circuit Court of Appeal to satisfy the exhaustion requirement.

[12] *State of Louisiana ex rel. Herman Wallace v. State of Louisiana*, 1999-0275 (La. App. 1st Cir. 3/19/99); *State ex rel. Herman Wallace v. State of Louisiana*, 1999-1305 (La. 11/19/99), 749 So.2d 668, respectively.

10

supervisory writs rendered these claims unexhausted. The State's argument is not supported by state law and is unpersuasive.

In its ruling on the petitioner's application for a writ of mandamus, the Louisiana First Circuit Court of Appeal denied mandamus relief insofar as the petitioner sought an order compelling the district court to appoint counsel and conduct an evidentiary hearing on his grand jury and jury instruction claims. The Louisiana First Circuit Court of Appeal denied mandamus relief as to these two claims because it concluded that the petitioner's grand jury claim "was raised untimely" and "the jurors were properly instructed regarding the presumption of innocence." But the merits of the claims from the petitioner's previous PCRA writ application were no longer before the appellate court at that time. Rather, by that time, "[t]he matter [was] remanded to the district court for appointment of counsel, a state response and an evidentiary hearing." Although in its mandamus decision the appellate court seemed to resolve two of the petitioner's claims, it is not clear that its mandamus ruling constituted issuance of a judgment denying supervisory writs.

Louisiana Supreme Court Rule X, § 5(a), requires that an "application seeking to review the judgment of the court of appeal ... shall be made within thirty days of the mailing of the notice of the judgment of the court of appeal." The State has not shown that, in the circumstances then existing, under state law the

11

appellate court's mandamus decision constituted "the judgment of the court of appeal ... after a denial of an application" for supervisory writs for the purpose of Louisiana Supreme Court Rule X, § 5(a). Consequently, the State has not shown that the petitioner procedurally defaulted these two claims by failing to immediately seek supervisory review from the decision on his application for a writ of mandamus. The failure to seek review by the Louisiana Supreme Court at that time did not render the claims untimely and therefore unexhausted.

**Procedural Default**

The State also argued that the petitioner's grand jury claim is barred due to his procedural default of this claim in the state court. Specifically, the State argued that the Louisiana First Circuit Court of Appeal ruled that this claim was untimely.[13]

As noted above, The Louisiana First Circuit Court of Appeal denied mandamus relief as to this claims because it concluded that it "was raised untimely." However, the appellate court cited no statute or court rule which it relied upon to reach this conclusion, nor did it point to anything in the state court record from which one could reasonably infer the basis for its conclusion. As asserted by the petitioner, he did move to quash the second indictment before trial and a hearing was held before trial on his

---

[13] Record document number 38, State's Supplemental Memorandum in Support of Motion to Dismiss Petition for Habeas Corpus, p, 8.

12

motion.[14] Under Louisiana law applicable at the time, Louisiana Code of Criminal Procedure article 535 required that a motion to quash the grand jury indictment, because the manner of selection of the grand jury venire or the grand jury was illegal, must be filed at least three judicial days before commencement of the trial. Since there is no dispute here that the petitioner did so, it is not reasonable to infer that the Louisiana First Circuit Court of Appeal relied on Article 535 to find that his grand jury claim was untimely.[15]

If not Article 535, then what statue, court rule or factual basis did the Louisiana First Circuit Court of Appeal rely on to conclude that the petitioner's grand jury claim was untimely? The State, although mentioning the appellate court's untimeliness conclusion several times in its supporting memoranda, does not

---

[14] See record document number 39, Petitioner Herman Wallace's Response to the Warden's Supplemental Memorandum, p. 12, citing state court record Vol. 1, pp. 34-35 (Oct. 31, 1973 Motion to Quash), and Vol. II, pp. 251-69(Jan. 7, 1974 pre-trail hearing).

[15] Relying on his compliance with Article 535, the petitioner argued that the Louisiana First Circuit Court of Appeal's untimeliness conclusion was simply wrong, as a factual matter. The state does not concede that the Louisiana First Circuit Court of Appeal was wrong. While the state court record supports finding that the petitioner complied with Article 535, and thus his grand jury claims would have been timely as to that procedural rule, this court is reluctant to conclude that Louisiana First Circuit Court of Appeal misread or ignored the state court record and then misapplied Article 535. Rather, this court concludes that the state appellate court had some other basis in mind – albeit unexplained – when it concluded that the petitioner's grand jury claim "was raised untimely." Doing so gives due deference to the diligence and competence of the state appellate court.

13

suggest what that factual or legal basis might be.

An unknown and undeterminable basis for a procedural default cannot be a procedural rule which is strictly or regularly followed. Consequently, the State cannot rely on the Louisiana First Circuit Court of Appeal's untimeliness conclusion to support its argument that the petitioner procedurally defaulted his grand jury claim.

## **RECOMMENDATION**

It is the recommendation of the magistrate judge that the State's Motion to Dismiss Petition For Writ of Habeas Corpus be denied, and that the case be referred back to the magistrate judge for further proceedings on the petitioner's remaining claims.

Baton Rouge, Louisiana, March 9, 2011.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE