UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

HERMAN WALLACE                                                CIVIL ACTION

VERSUS

HOWARD PRINCE, WARDEN                    NO.: 3:09-cv-01027-BAJ-SCR

## RULING AND ORDER

Before the Court is Respondent's ("State's") **MOTION TO STAY (Doc. 99)**, seeking a stay of this Court's Ruling and Order (Doc. 96) and Judgment (Doc. 97), which, among other things, ordered "that the state court's grand jury indictment dated September 14, 1973 is **QUASHED** and that the jury's verdict, the state court judge's pronouncement of punishment, and the judgment dated January 10, 1974, in the state court criminal case against Mr. Wallace be, and are hereby, **VACATED**," and "that the State immediately **RELEASE** Mr. Wallace from custody." (Doc. 96 at p. 60). For the following reasons, the State's **MOTION TO STAY (Doc. 99)** is **DENIED**, and the State is, again, ordered to immediately **RELEASE** Mr. Wallace from custody pursuant to this Court's prior Ruling and Order (Doc. 96) and Judgment (Doc. 97).

Federal Rule of Appellate Procedure 23 provides: "While a decision ordering the release of a prisoner is under review, the prisoner must . . . be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). The U.S.

1

Case 3:09-cv-01027-BAJ-SCR    Document 100    10/01/13    Page 1 of 5

Supreme Court has instructed that Rule 23(c) creates a "presumption in favor of enlargement of the petitioner with or without surety, but it may be overcome if the traditional stay factors tip the balance against it." *Hilton v. Braunskill*, 481 U.S. 770, 777 (1987). Factors include:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 776. The Supreme Court has also instructed that in balancing these factors, the Court should consider whether the habeas petitioner is a flight risk or a danger to the public, the State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal, and the interest of the habeas petitioner in release pending appeal. *Id.* at 777–78. Finally, the Supreme Court has clarified:

> The balance may depend to a large extent upon determination of the State's prospects of success in its appeal. Where the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release. Where the State's showing on the merits falls below this level, the preference for release should control.

*Id.* at 778.

As an initial matter, the State's Motion for Stay fails to address any of the factors by which Rule 23(c)'s "presumption in favor of enlargement of the petitioner with or without surety" may be overcome, *id.* at 777. (*See* Doc. 99 at 1–2). Further, despite acknowledging "the urgent nature of this matter and the fact that the

2

petitioner has been granted immediate release," the State, without providing any justification, would have this Court *delay* its ruling on the Motion to Stay so that the State can "submit its memorandum forthwith." (*Id.*). In this instance, where the record demonstrates unequivocally that Mr. Wallace was tried and convicted under an unconstitutional indictment, further delay is not warranted.

This Court GRANTED Mr. Wallace's habeas petition (Doc. 36) "because systematic exclusion of women from the Louisiana grand jury that returned the indictment against him violated the Fourteenth Amendment's guarantee of 'the equal protection of the laws,' U.S. Const. amend. XIV, § 1, thereby rendering his conviction and resulting sentence unconstitutional." (Doc. 96 at p. 2). In granting Mr. Wallace's petition, this Court determined that "Supreme Court precedent existing at the time Mr. Wallace's conviction became final *undoubtedly* compelled the conclusion that Louisiana's gender-based classification which resulted in the exemption of women from grand jury service violated the Fourteenth Amendment's guarantee of equal protection of the laws." (Doc. 96 at p. 55 n.32). Further, this Court determined that Mr. Wallace's evidence "clearly and convincingly established 'substantial underrepresentation [of women in his grand jury proceedings],' thereby making out 'a prima facie case of discriminatory purpose' in the selection of his grand jury," *Castaneda v. Partida*, 430 U.S. 482, 494 (1977), and that the State failed to rebut this evidence at the hearing on Wallace's Motion to Quash, or even dispute the evidence in its Opposition to Mr. Wallace's habeas petition. (*Id.* at 57–

3

58). "Nor d[id] the State even attempt to defend the Louisiana exemption on grounds that the discriminatory means employed was substantially related to the achievement of important governmental objectives." (*Id.* at 58 (quoting *Miss. Univ. for Women v. Hogan*, 458 U.S. 718, 724 (1982)).

In short, the State has utterly failed to show a "strong likelihood of success on appeal," or even "demonstrate a substantial case on the merits" that would weigh in favor of "continued custody." *Braunskill*, 481 U.S. at 778. Nor has the State offered any argument to suggest that Mr. Wallace, a man in his mid-seventies suffering from significant health issues (*see* Doc. 81), is a flight risk, or a danger to the public if released. *Id.* Finally, in addition to the reasons already noted, the State cannot show irreparable injury if Mr. Wallace is released because "[a] prisoner whose conviction is reversed by this Court need not go free if he is in fact guilty, for [the state] may indict and try him again by the procedure which conforms to constitutional requirements." *Hill v. Texas*, 316 U.S. 400, 406 (1942).

On the other side of the ledger, Mr. Wallace has a significant interest in his release. *Braunskill*, 481 U.S. at 778. He has spent more than forty years in prison under a conviction and sentence based on an unconstitutional indictment. By any measure, the time remaining on Mr. Wallace's life sentence is far less than he has already spent in prison. *See id.* at 777 ("The State's interest in continuing custody and rehabilitation pending a final determination of the case on appeal . . . [will be] weakest where there is little of the sentence remaining to be served."). Last, the

4

public interest strongly favors releasing Mr. Wallace in these circumstances, because "discrimination in the selection of jurors 'casts doubt on the integrity of the judicial process,' and places the fairness of a criminal proceeding in doubt." *Powers v. Ohio*, 499 U.S. 400, 411 (1991) (quoting *Rose v. Mitchell*, 443 U.S. 545, 556 (1979)); *see also Hill*, 316 U.S. at 406 ("Equal protection of the laws is something more than an abstract right. It is a command which the state must respect, the benefits of which every person may demand. Not the least merit of our constitutional system is that its safeguards extend to all—the least deserving as well as the most virtuous.").

### III. Conclusion

Accordingly, this Court **DENIES** the State's **MOTION TO STAY (Doc. 99).**

**IT IS ORDERED** that the State immediately **RELEASE** Mr. Wallace from custody in accordance with this Court's Ruling and Order (Doc. 96) and Judgment (Doc. 97).

**IT IS FURTHER ORDERED** that failure to immediately **RELEASE** Mr. Wallace from custody will result in a judgment of **CONTEMPT.**

Baton Rouge, Louisiana, this 1st day of October, 2013.

*[signature]*

BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA