# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HERMAN WALLACE,<br>Petitioner,<br><br>vs.<br><br>HOWARD PRINCE, WARDEN,<br>Respondent. | CIVIL ACTION NO: 3:09-CV-01027-BAJ-SCR<br><br>CHIEF JUDGE BRIAN A. JACKSON<br><br>MAGISTRATE JUDGE STEPHEN C. RIEDLINGER |

**EMERGENCY HEARING REQUESTED**

## PETITIONER'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A PROTECTIVE ORDER

Petitioner Herman Wallace respectfully moves for this Court for a protective order to enjoin Respondent from indicting Mr. Wallace, or from acting on any heretofore unlawfully obtained indictment. Because of the irreparable harm that Mr. Wallace—a 71 year old and morbidly infirm man—faces in the event of any such conduct, Petitioner requests that an emergency telephonic hearing on his motion be held immediately.

Yesterday, the State filed a Notice of Appeal to the Fifth Circuit Court of Appeals in this case. (Doc. No. 101).

This morning, Petitioner was notified that the District Attorney of East Baton Rouge intends to seek the indictment of Herman Wallace for the April 17, 1972

- 1 -

Case 3:09-cv-01027-BAJ-SCR   Document 104-1   10/03/13   Page 1 of 5

murder of corrections officer Brent Miller. (Doc. No. 103.)

This evening, the undersigned received a phone call from a reporter for the local paper seeking comment because a West Feliciana Parish grand jury had, just today, handed down an indictment for the arrest of Mr. Wallace. The State is well aware that Mr. Wallace is presently represented in any state criminal matters by attorney James E. Boren. However, when the undersigned contacted Mr. Boren to seek clarification, Mr. Boren advised her that he had received no notice from the State as to Mr. Wallace's indictment.

It is well settled that federal district court order remains in effect until the appellate court issues its mandate disposing of the claim. All seven circuits that have addressed this issue, including the Fifth Circuit, have adopted the rule that an appeal is not final until the date the mandate is issued. *See, e.g., United States v. Cook*, 592 F.2d 877, 880 (5th Cir. 1979), cert. denied, 442 U.S. 921 (1979) (ruling that the appellate court "'retain[s] jurisdiction over an appeal until it has issued a mandate to implement its disposition.'") (citing *Meredith v. Fair*, 306 F.2d 374 (5th Cir. 1962); *see also United States v. Rivera*, 844 F.2d 916 (2d. Cir. 1988); *United States v. Robertson*, 810 F.2d 254, 259 n.6 (D.C. Cir. 1987); *United States v. Scalf*, 760 F.2d 1057, 1059 (10th Cir. 1985); *United States v. Rush*, 738 F.2d 497, 509 (1st Cir. 1984), *cert. denied*, 471 U.S. 1120 (1985); *United States v. Ross*, 654 F.2d 612, 616 (9th Cir. 1981), cert. denied, 455 U.S. 926 (1982);; *United States v. Russo*, 550

F. Supp. 1315, 1319 (D.N.J. 1982), *aff'd*, 722 F.2d 736 (3rd Cir. 1983), *cert. denied*, 464 U.S. 1045 (1984).

Thus, on circumstances indistinguishable from this case, the Louisiana Supreme Court recently vacated a state warrant of execution that had been issued prior to the issuance of a mandate from the Fifth Circuit Court of Appeals. As the Louisiana Supreme Court explained, even though the federal district court order staying execution had been vacated on appeal, the district court's order remained in effect in the absence of an appellate court mandate, making the State's premature warrant of execution invalid. *Louisiana v. Sepulvedo*, No. 2013-KP-2177 (La. S.Ct. September 25, 2013).[1]

In this case, this Court's order vacating Mr. Wallace's conviction and ordering his immediate release must remain in effect because jurisdiction continues to rest in federal court. Although the State may intend to indict Mr. Wallace, as it so notified this morning, it may not do so, nor may it act on any unlawfully obtained indictment, until the appeal process has run its course. If it is true that the West Feliciana parish grand jury has issued an indictment for the arrest of Mr. Wallace, it has done so unlawfully, in the absence of jurisdiction.

Accordingly, Mr. Wallace moves for a protective order from this Court

---

[1] A copy of this decision is available at http://www.lasc.org/opinions/2013/13KP2177.pc.pdf.

enjoining the State from indicting Mr. Wallace or otherwise acting on any unlawful indictment. He seeks an emergency hearing on this motion and is available at any time telephonically.

Dated this 3rd day of October 2013.

Respectfully submitted,

By: /s/ signature

GEORGE H. KENDALL
CARINE WILLIAMS
Squire, Sanders (US) LLP
30 Rockefeller Plaza
New York, NY 10112
212-872-9851
Email: Carine.Williams@squiresanders.com

By: /s/Nicholas J. Trenticosta

NICHOLAS J. TRENTICOSTA
Attorney at Law
LSBA roll No. 18475
7100 St. Charles Avenue
New Orleans, LA 70118
504-864-0700 tel
504-864-0780 fax
Email: nicktr@bellsouth.net

Counsel for Petitioner

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing motion was filed electronically with the Clerk of the Court using the CM/ECF system this 3rd day of October 2013. Notice of this filing will be sent to Dale R. Lee, Esq. by operation of the Court's electronic filing system.

By: /s/Carine Williams

CARINE WILLIAMS
Squire, Sanders (US) LLP
30 Rockefeller Plaza
New York, NY 10112
212-872-9851
Email: Carine.Williams@squiresanders.com